## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JORGE MUNIZ VACA and MANUEL ARELLANO SEGURA, Individually And On Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| vs. | ) ) | |
| INTERNATIONAL THERMOCAST CORPORATION, INTERNATIONAL MARBLE, INC., and MARK A. ANDERSON, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## <u>COMPLAINT</u>

Plaintiffs Jorge Muniz Vaca (hereafter "Vaca") and Manuel Arellano Segura (hereafter "Segura"), by and through the undersigned counsel and pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* (hereafter "the FLSA"), for themselves and on behalf of a class of similarly situated individuals, bring this Complaint against Defendants International Thermocast Corporation (hereafter "Thermocast"), International Marble, Inc., (hereafter "Marble") and Mark A. Anderson ("Anderson") to recover due but unpaid overtime compensation, liquidated damages, Plaintiffs' costs of litigation,

- 1 -

including their reasonable attorneys' fees and for other relief on the grounds set forth as follows:

## FLSA COLLECTIVE ACTION

### 1.

Plaintiffs are former employees of Defendants who bring this action on behalf of themselves and all current and former employees who are or were employed by Defendants as production line workers.

### 2.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendants who consent to their representation, pursuant to 29 U.S.C. § 216(b).

### 3.

Each individual Plaintiff's Consent to Be a Plaintiff in this FLSA Action is filed herewith as Exhibit "A".

## JURISDICTION AND VENUE

### 4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U.S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute which

affects interstate commerce.

5.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because Defendants conduct business operations in this District and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

6.

Plaintiff Vaca is a natural person residing within Cherokee County, Georgia.

7.

Plaintiff Segura is a natural person residing within Cherokee County, Georgia.

8.

Defendant Thermocast is a corporation organized and existing under the laws of the State of Georgia.

9.

Defendant Thermocast may be served with process via service on its registered agent, Thomas H. Rogers, Jr., 440 College Avenue, Athens, GA 30601.

10.

Defendant Thermocast is subject to the personal jurisdiction of this Court.

11.

Defendant Marble is a corporation organized and existing under the laws of the State of Georgia.

12.

Defendant Marble may be served with process via service on its registered agent, Thomas H. Rogers, Jr., 440 College Avenue, Suite 320, Athens, GA 30601.

13.

Defendant Marble is subject to the personal jurisdiction of this Court.

14.

Defendant Anderson is a natural person residing within Fulton County, Georgia.

15.

Defendant Anderson may be served with process at 925 W. Paces Ferry Road, NW, Atlanta, Georgia 30327-2647.

16.

Defendant Anderson is subject to the personal jurisdiction of this Court.

## FACTS

17.

Defendant Thermocast is a global manufacturer, marketer and distributor of cast acrylic sinks and plumbing products.

18.

Defendant Thermocast employed Plaintiff Vaca as a production line worker from 2000 through September, 2012 at Defendant Thermocast's facility in Woodstock, Georgia.

19.

Defendant Thermocast employed Plaintiff Vaca as a production line worker from October, 2012 through February 5, 2013 at Defendant Thermocast's facility in Canton, Georgia.

20.

Defendant Marble was formed as a corporation on February 28, 2012.

21.

Defendant Marble is a manufacturer of, among other things, vanity tops, bath tubs and showers bases.

22.

Defendant Marble employed Plaintiff Vaca as a production line worker from

February 28, 2012 through February 5, 2013.

23.

At all times relevant to this action, Plaintiff Vaca was an "employee" of Defendant Thermocast as defined in 29 U.S.C. § 203(e)(1).

24.

From February 28, 2012 through February 5, 2013, Plaintiff Vaca was an "employee" of Defendant Marble as defined in 29 U.S.C. § 203(e)(1).

25.

Defendant Thermocast employed Plaintiff Segura as a production line worker from 2008 through August 8, 2012 at Defendant Thermocast's facility in Woodstock, Georgia.

26.

Defendant Marble employed Plaintiff Segura as a production line worker from February 28, 2012 through August 8, 2012.

27.

At all times relevant to this suit, Plaintiff Segura was an "employee" of Defendant Thermocast as defined in 29 U.S.C. § 203(e)(1).

28.

From February 28, 2012 through August 8, 2012, Plaintiff Segura was an "employee" of Defendant Marble as defined in 29 U.S.C. § 203(e)(1).

29.

Defendant Thermocast employed Plaintiffs and the class they represent in the furtherance of its commercial business in 2010.

30.

Defendant Thermocast employed Plaintiffs and the class they represent in the furtherance of its commercial business in 2011.

31.

Defendant Thermocast employed Plaintiffs and the class they represent in the furtherance of its commercial business in 2012.

32.

Defendant Thermocast employed Plaintiffs and the class they represent in the furtherance of its commercial business in 2013.

33.

Defendant Marble employed Plaintiffs and the class they represent in the furtherance of its commercial business in 2012.

34.

Defendant Marble employed Plaintiffs and the class they represent in the furtherance of its commercial business in 2013.

35.

At all times relevant to this action, Defendant Anderson has been the Chief Executive Officer of Defendant Thermocast.

36.

At all times material to this action, Defendant Anderson has acted directly or indirectly in the interest of Defendant Thermocast with respect to Plaintiffs and the members of the class they represent.

37.

At all times material to this action, Defendant Anderson has exerted control over Defendant Thermocast's employment policies.

38.

At all times material to this action, Defendant Anderson has exerted control over the terms and conditions of Defendant Thermocast's employment of Plaintiff and the members of the class they represent.

39.

Defendant Anderson is the sole incorporator of Defendant Marble.

40.

Since its incorporation, Defendant Anderson has been the Chief Executive Officer of Defendant Marble.

41.

At all times material to this action, Defendant Anderson has acted directly or indirectly in the interest of Defendant Marble with respect to Plaintiffs and the members of the class they represent.

42.

At all times material to this action, Defendant Anderson has acted directly or indirectly in the interest of Defendant Marble with respect to Plaintiffs and the members of the class they represent.

43.

At all times material to this action, Defendant Anderson has exerted control over Defendant Marble's employment policies.

44.

At all times material to this action, Defendant Anderson has exerted control over the terms and conditions of Defendant Marble's employment of Plaintiff and the members of the class they represent.

45.

During the three years prior to the initiation of this action and ongoing, Plaintiffs and the members of the class they represent regularly worked at Defendants Thermocast and Anderson's direction and for these Defendants' benefit in excess of forty (40) hours per week.

46.

From February 28, 2012 through the initiation of this action and ongoing, Plaintiffs and the members of the class they represent regularly worked at Defendants Thermocast, Marble and Anderson's direction and for these Defendants' benefit in excess of forty (40) hours per week.

47.

During the three years prior to the initiation of this action and ongoing, Defendants Thermocast and Anderson failed to pay Plaintiffs and the class they represent at one and one half times their regular rate for work performed in excess of forty (40) hours per week.

48.

From February 28, 2012 through the initiation of this action and ongoing, Defendants Thermocast, Marble and Anderson failed to pay Plaintiffs and the class they represent at one and one half times their regular rate for work performed in

excess of forty (40) hours per week.

49.

At all times material hereto, Defendants willfully failed to pay Plaintiffs and the class they represent at one and one half times their regular rate for work performed in excess of forty (40) hours per week.

50.

Prior to 2012, Defendants Thermocast and Anderson denied Plaintiffs and the class they represent overtime compensation as required by the FLSA.

51.

In 2012, Defendants Thermocast, Marble and Anderson entered into an unlawful scheme to deny Plaintiffs and the class they represent overtime compensation as required by the FLSA.

52.

Pursuant to Defendants' unlawful scheme, Defendants initiated the practice of compensating Plaintiffs and the members of class they represent with two paychecks each week.

53.

Pursuant to Defendants' unlawful scheme, one paycheck would be written on a bank account maintained by Defendant Thermocast.

54.

Pursuant to Defendants' unlawful scheme, the other paycheck would be written on a bank account maintained by Defendant Marble.

55.

Pursuant to Defendants' unlawful scheme, no single paycheck issued to any Plaintiff or member of the class they represent would compensate an employee for more than forty (40) hours of work per week.

56.

For example and by way of illustration only, on June 20, 2012, Defendants paid Plaintiff Segura with (1) a check from Defendant Thermocast reflecting forty (40) hours worked during the week and (2) a check from Defendant Marble reflecting thirty (30) hours worked during the same week.

57.

As a result, on June 20, 2012, Defendants failed to compensate Plaintiff Segura for thirty (30) hours of overtime at one and one half times the regular rate as required by the FLSA.

58.

As further example and by way of illustration only, on August 1, 2012, Defendants paid Plaintiff Vaca with (1) a paycheck from Defendant Thermocast

reflecting thirty-three (33) hours worked during the week and (2) a paycheck from Defendant Marble reflecting thirty-three and 25/100 (33.25) hours worked during the same week.

59.

As a result, on August 1, 2012, Defendants failed to compensate Plaintiff Segura for twenty six and 25/100 (26.25) hours of overtime at one and one half times the regular rate as required by the FLSA.

60.

Plaintiffs and the class they represent were and/or are employees engaged in commerce, *i.e.* the manufacture of sinks, tubs, vanities and other bathroom fixtures for local, interstate and international sale.

61.

Plaintiffs and the class they represent were and/or are employed by an enterprise engaged in commerce, as defined in 29 U.S.C. § 203(s)(1)(A).

62.

Plaintiffs and the class they represent were and/or are an "employee[s]" of Defendants as defined in 29 U.S.C. § 203(e)(1).

63.

At all times material hereto, Defendant Thermocast has been an "employer" of

- 13 -

Plaintiffs and the class they represent, as defined in 29 U.S.C. §203(d).

64.

At all times material hereto, Defendant Thermocast has been "engaged in commerce" as defined in 29 U.S.C. §§ 206 (a) and 207(a)(1).

65.

At all times material hereto, Defendant Thermocast has been an "enterprise engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

66.

At all times material hereto, Defendant Thermocast had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

67.

At all times material hereto, Defendant Thermocast had two or more "employees" engaged in in the "production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

68.

At all times material hereto, Defendant Thermocast had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

69.

At all times material hereto, Defendant Thermocast had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

70.

At all times material hereto, Defendant Thermocast has been an "employer" of Plaintiffs and the class they represent as defined 29 U.S.C. §203(d).

71.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendant Marble has been an "employer" as defined in 29 U.S.C. §203(d).

72.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendant Marble has been "engaged in commerce" as defined in 29 U.S.C. §§ 206(a) and 207(a)(1).

73.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendant Marble has been an "enterprise engaged in commerce" as

defined in 29 U.S.C. § 203(s)(1 )(A).

74.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendant Marble had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

75.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendant Marble had two or more "employees" engaged in in the "production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

76.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendant Marble had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

77.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendant Marble had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

78.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendant Marble has been an "employer" of Plaintiffs and the class they represent as defined in FLSA § 3(d), 29 U.S.C. §203(d).

79.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendants Thermocast and Marble have constituted a single "enterprise engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(C).

80.

From February 28, 2012 through the date of initiation of this action and ongoing, Defendants Thermocast and Marble have shared the services of Plaintiffs and the class they represent.

81.

At all times since February 28, 2012, Defendants Thermocast and Marble have acted directly or indirectly in the interest of each other with respect to Plaintiffs and the class they represent.

82.

At all times since February 28, 2012, Defendants Thermocast and Marble have exercised joint control over the Plaintiffs and the class they represent in their

capacity as Defendants' employees.

83.

At all times material hereto, Defendant Anderson has been an employer as defined in 29 U.S.C. § 3(d).

84.

At all times material hereto, neither Plaintiffs nor the class they represent were exempt from the FLSA maximum hour requirements by reason of any exemption set forth in 29 U.S.C. § 213.

85.

The FLSA requires that Plaintiffs and each member of the class they represent are to be compensated at a rate of one and one half times their regular rate for each hour worked in excess of forty hours in a work week.

86.

Defendants knew or should have known that the maximum hour requirements of the FLSA applied to Plaintiffs and the members of the class they represent.

87.

Defendants knew or should have known that the FLSA requires that Plaintiffs and each member of the class they represent are to be compensated at a

rate of one and one half times their hourly rate for each hour worked in excess of forty hours in a work week.

88.

Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to overtime compensation at one and one half times their regular rate.

## CLAIM FOR RELIEF

## DEFENDANTS' VIOLATIONS OF 29 U.S.C. § 207

89.

The allegations in all previous paragraphs above are incorporated herein by reference as if fully set out in this paragraph.

90.

For the three years prior to the initiation of this action, Defendants have failed to compensate Plaintiffs and the class they represent at one and one half times the legally required regular rate for worked performed in excess of forty hours per week as required by the FLSA.

91.

For the three years prior to the initiation of this action, Defendants have willfully failed to compensate Plaintiffs and the class they represent at one and one

half times the legally required regular rate for worked performed in excess of forty hours per week as required by the FLSA.

92.

Defendants' failure to compensate Plaintiffs and the class they represent for time actually worked in excess of forty hours per week on the basis of one and one-half times the legally required regular hourly rate of pay is a violation of 29 U.S.C. § 207.

93.

Defendants' failure to compensate Plaintiffs and the class they represent for time actually worked in excess of forty hours per week on the basis of one and one-half times the legally required regular hourly rate of pay is intentional and willful.

94.

Defendants' failure to compensate Plaintiffs and the class they represent for time actually worked in excess of forty hours per week on the basis of one and one-half times the legally required regular hourly rate of pay gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory

and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## 95.

Defendants are jointly and severally liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times the regular rate.

## 96.

Defendants are jointly and severally liable to Plaintiffs and to each member of the class they represent for an award of liquidated damages pursuant to 29 U.S.C. § 216.

## 97.

Defendants are jointly and severally liable to Plaintiffs and to each member of the class they represent for an award of their costs of litigation, including their reasonable attorneys' fees, pursuant to 29 U.S.C. § 216.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court:

(a)     Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29

U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c)     Issue an Order holding each Defendant to be an "employer" as that term is defined under the FLSA;

(d)     Grant a trial by jury as to all matters properly triable to a jury;

(e)     Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f)     Award Plaintiffs proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(g)     Award each member of the class Plaintiffs represent proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h)     Award Plaintiffs and each member of the class they represent

prejudgment interest on all amounts owed;

(i)     Award each Plaintiff and each member of the class they represent

their reasonable attorneys' fees and costs of litigation;

(j)     Award Plaintiffs and each member of the class they represent nominal

damages; and

(k)     Award any further relief this Court deems just, equitable and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC**

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No.080791

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

**BILLIPS & BENJAMIN LLP**

*/s Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888

One Tower Creek
3101 Towercreek Parkway

Suite 190
Atlanta, Georgia 30339
(770) 859-0751     Telephone
(770) 859-0752     Facsimile
benjamin@bandblawyers.com                    **COUNSEL FOR PLAINTIFFS**