SETTLEMENT AGREEMENT
AND FULL AND FINAL RELEASE OF ALL CLAIMS

**ORIGINAL**

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **INTERNATIONAL THERMOCAST CORPORATION,** for itself and its division, subdivisions, parents and affiliates, **INTERNATIONAL MARBLE, INC.** for itself, and **MARK ANDERSON** (hereinafter collectively referred to as "**DEFENDANT**"), and **MANUEL ARELLANO SEGURA** (hereinafter referred to as "**PLAINTIFF**").

WITNESSETH:

**WHEREAS, PLAINTIFF** IS employed by **DEFENDANT, INTERNATIONAL THERMOCAST CORPORATION,** and

**WHEREAS,** on or about February 18, 2013, **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, *Jorge Muniz Vaca and Manuel Arellano Segura v. International Thermocast Corporation et al.*, which was assigned Civil Action No. 1:13-CV-0516 (hereinafter "the Civil Action"); and

**WHEREAS, PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act; and seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees, and costs; and

**WHEREAS, DEFENDANT** has denied and continues to deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS, DEFENDANT** asserts that there is no factual or legal basis for the allegations in the Civil Action; and

**WHEREAS,** the Agreement constitutes a good faith settlement of questionable and disputed claims; and

1

WHEREAS, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that any **DEFENDANT**, or any of its officials, officers, employees and/or other agents acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANT** and **PLAINTIFF** agree as follows:

## CONSIDERATION

1.

**DEFENDANT** will cause to be paid jointly to **PLAINTIFF** and his attorneys the total sum of Forty Thousand Seven Hundred Forty-Four Dollars and Seventy-Two Cents ($40,744.72) as follows: (1) a check in the amount of Sixteen Thousand Three Hundred Seventy-Two Dollars and Thirty-Six Cents ($16,372.36) (the "First Check"), less appropriate deductions for tax purposes, made payable to "Manuel Arellano Segura" which amount is allocated as back pay and for which a W-2 form will be issued; (2) a check in the amount of Sixteen Thousand Three Hundred Seventy-Two Dollars and Thirty-Sex Cents ($16,372.36) (the "Second Check") made payable to "Manuel Arellano Segura and Kevin D. Fitzpatrick, Jr.," which amount is allocated as liquidated damages (with no withholdings or deductions) for which a Form 1099 Form which indicates payment in "Box 3" is indicated as other income will be issued; and (3) a check in the amount of Eight Thousand Dollars ($8,000.00) (the "Third Check") made payable to "Kevin D. Fitzpatrick, Jr.," which amount is allocated as attorneys' fees and expenses of litigation and for which 1099 forms will be issued. The Second Check will be delivered within forty (40) days after approval of this Settlement Agreement by the Court. The Third Check will be delivered within seventy

(70) days after approval of this Settlement Agreement by the Court. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. **DEFENDANT** agrees that the attorneys' fees and costs allocated herein are reasonable and customary as to the rate charged, the work done and the time billed for that work. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

2.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 2 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."

## WAIVER AND RELEASE OF ALL CLAIMS

3.

**PLAINTIFF**, for himself, his attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges **DEFENDANT** and all of its present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, ex-

penses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which he has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF** and **DEFENDANT** or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to his employment with **DEFENDANT**, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** represents that he is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which he has or may have against **DEFENDANT** at this time, whether or not related to his employment. **PLAINTIFF** further agrees and acknowledges that **DEFENDANT** is relying upon this representation in entering into this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by **PLAINTIFF** include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

4

4.

**PLAINTIFF** also specifically releases and waives any claims he may have as of the date of execution of this Release against **DEFENDANT** for any claim of age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), as amended, the Older Workers Benefit Protection Act ("OWBPA"), or any state or local law prohibiting age discrimination, except that **PLAINTIFF** does not waive his right to challenge the knowing and voluntary nature of the release.

5.

**PLAINTIFF** represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for him with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANT** under the Agreement are intended to include all legal fees, costs, and/or expenses for which **DEFENDANT** could be liable in connection with the Civil Action.

## WARRANTY

6.

**PLAINTIFF** represents and warrants that he alone is entitled to assert any claim he may have against **DEFENDANT** of any kind or character arising out of, or as a consequence of, his employment with **DEFENDANT** to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** further represents and war-

rants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against Defendants. **PLAINTIFF** agrees to indemnify and hold **DEFENDANT** harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against **DEFENDANT** or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold **DEFENDANT** harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

7.

**PLAINTIFF** affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has been advised to consult with legal counsel prior to executing the Agreement; that he has had a reasonable period of time within which to consider the Agreement; and that he has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

8.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANT**, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

## CONSTRUCTION

9.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## NON-DISPARAGEMENT

10.

**PLAINTIFF** agrees and promises that unless required by law to do so, he will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **DEFENDANT's** reputation or business.  **DEFENDANT** agrees and promises that unless required by law to do so, it will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **Manuel Arellano Segura.**

## JUDICIAL APPROVAL OF SETTLEMENT

11.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 2 of this Agreement will be disbursed to **PLAINTIFF** until the Court has approved this Agreement.  In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

12.

**PLAINTIFF** agrees to voluntarily withdraw any and all administrative complaints and/or charges he has filed against **DEFENDANT** and which are presently pending before any administrative body, to the extent there are any.

13.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

14.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

15.

This Agreement inures to the benefit of **DEFENDANT** and its successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **DEFENDANT's** successors and assigns.

## JURISDICTION AND VENUE

16.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and **PLAINTIFF** and **DEFENDANT** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this _11_ day of July 2013.

_____
Manuel Arellano Segura

Sworn to and subscribed
before me this _11_ day
of July 2013.
_____
NOTARY PUBLIC
My Comm'n Expires: 6/20/17

International Thermocast Corporation
By: _____
Its: _____CEO_____

Sworn to and subscribed
before me this _1_ day
of ~~July~~ August 2013.
_____
NOTARY PUBLIC
My Comm'n Expires: 3/28/17

(SIGNATURES CONTINUED ON FOLLOWING PAGE)

9

International Marble, Inc.
By: _____
Its: _____CEO_____

Sworn to and subscribed
before me this __1__ day
of ~~July~~ 2013.
   August

_____
NOTARY PUBLIC
My Comm'n Expires: 3/28/17

[Notary Seal: MEAGHAN LEE ERLANDSEN, NOTARY PUBLIC, CLARKE COUNTY, GA, EXP. MAR. 28, 2017]

_____
Mark Anderson, Individually

Sworn to and subscribed
before me this __1__ day
of ~~July~~ 2013.
   August

_____
NOTARY PUBLIC
My Comm'n Expires: 3/28/17

[Notary Seal: MEAGHAN LEE ERLANDSEN, NOTARY PUBLIC, CLARKE COUNTY, GA, EXP. MAR. 28, 2017]

10